UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NORTH AMERICAN TRUCK & TRAILER, INC., a South Dakota corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS EAGLE, INC., a Delaware corporation, and DENNIS EAGLE, LTD., a United Kingdom corporation, <br><br> Defendants. | 4:25-CV-04187-KES <br><br><br> ORDER GRANTING MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT, DENYING MOTION FOR DEFAULT JUDGMENT, AND DENYING MOTION FOR LIMITED EXPEDITED DISCOVERY |

North American Truck & Trailer, Inc. (NATT) filed a lawsuit against Dennis Eagle, Inc. (DEI) and Dennis Eagle, Ltd. (DEL) on September 22, 2025, alleging claims of (1) Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing, (2) Violation of the South Dakota Dealer Act, SDCL § 32-6B-1, et seq., (3) Violation of SDCL § 37-5, et seq., and (4) Fraudulent Inducement. Docket 1. NATT moves for default judgment after the clerk's entry of default. Docket 10; Docket 13 at 2. DEI moves to set aside the entry of default. Docket 26 at 1. For the following reasons, this court denies NATT's motion and grants DEI's motion.[1]

---

[1] NATT also moved for expedited limited discovery and moved to extend the time in which to respond to DEI's motion to set aside the default. Docket 30. Because NATT has already responded to DEI's motion to set aside the default, Docket 39, the court denies the motion to extend as moot. Additionally, the court finds that good cause does not exist to grant NATT's motion for expedited limited discovery because the parties have not conferred as required by Rule 26(f), which will occur after DEI files a response to the complaint. *See Oglala*

## BACKGROUND

NATT served the summons and complaint on the defendants on October 13, 2025. Docket 7; Docket 13 at 2. Because DEI did not answer or otherwise respond to the complaint, pursuant to Fed. R. Civ. P. 55(a), NATT moved for an entry of default against DEI. Docket 8. The clerk entered a default against DEI pursuant to Rule 55(a). Docket 15 at 2. NATT then moved for a default judgment against DEI on November 25, 2025, Docket 10; Docket 13 at 2. On December 11, 2025, DEI, pursuant to Fed. R. Civ. P. 55(c), moved this court to set aside the clerk's entry of default. Docket 26 at 1.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) allows a court to set aside entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether good cause exists to set aside an entry of default, district courts weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *United States v. 2005 Chrysler 300C, VIN2C3AA63HX5H631206,* 382 F. App'x 531, 532-33 (8th Cir. 2010) (internal quotation marks omitted); *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998).

Because there is a "judicial preference for adjudication on the merits," entries of default are not favored. *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th

---

*Sioux Tribe v. Van Hunnik,* 298 F.R.D. 453, 455 (D.S.D. 2014). As such, the court denies NATT's motion for expedited limited discovery.

2

Cir. 1993). Thus, "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson,* 140 F.3d at 784. The court reviews and evaluates the same factors in motions to set aside entries of defaults and motions to set aside default judgment, however, "[m]ost decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Id.* at 783 (internal quotation marks omitted).

The court will address DEI's culpable conduct, whether DEI has a meritorious defense, and any prejudice to NATT if the default were set aside, in turn.

## I.     Blameworthiness or Culpability of DEI

Heavily focusing on the culpability or blameworthiness factor, Eighth Circuit precedent consistently "distinguish[es] between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Id.* at 784.

DEI argues that good cause to set aside the entry of default exists because it did not receive the summons and complaint in this case due to a change in its mailing address. Docket 26 at 1. DEI explains that its address has recently changed, resulting in delayed and misdirected mail. *Id.* Thus, its failure to respond was not intentional or willful, but rather "an unfortunate result of address changes and mere oversight." Docket 27 at 3. To demonstrate lack of intentional delay, DEI argues that after DEL was served, DEI checked

3

this court's docket on November 26, 2025. Docket 26 at 2. Upon learning of the entry of default, DEI responded "without delay" by reaching out to NATT and requesting a voluntary set aside of the default. *Id.* After NATT declined to agree to set aside the default, DEI filed its current motion to set aside the default. *Id.* DEI argues that just as DEL had timely responded to the summons and complaint and will continue to abide by this court's procedural rules, so will DEI. Docket 27 at 4.

NATT argues, regardless of DEI's knowledge of this action, DEI was properly served through its registered agent and failed to respond. Docket 39 at 7-8. Further, NATT argues the administrative challenges regarding DEI's new mailing address do "not pass muster as good cause." *Id.* at 8. NATT argues that courts have routinely held that "lack of communication between an attorney and the client is insufficient to overcome a lack of compliance with the rules," and that DEI has established nothing more than a "routine back-office problem" by failing to notify its agent of its address change. *Id.* at 7.

DEI responds that the proper standard for determining whether to set aside a default judgment is good cause, a more lenient standard than the excusable neglect standard under Rule 60(b) upon which NATT relies. Docket 42 at 4. Under the good cause standard, DEI argues its "oversight is precisely the type of innocent, neglectful conduct that excuses a failure to respond in a timely manner." *Id.* at 5. Further, DEI argues that along with there being no evidence of intentional delaying conduct on its behalf, it also promptly attacked the clerk's entry of default within days of learning of it, indicating its wish to

4

defend this case on the merits. *Id.* Lastly, DEI argues that NATT's cited caselaw is unpersuasive because it either involved motions to set aside default judgments or factual scenarios materially different from this case. *Id.* at 6.

The court finds that under Rule 55(c), good cause is the proper standard to determine whether to set aside a clerk's entry of default. Thus, any case cited in the briefs that uses the excusable neglect standard, while helpful when looking at certain factors, is not exactly on point because those cases apply a higher standard.

Further, the court finds DEI's actions were not an intentional delay or disregard for court deadlines. Rather, DEI had a mere oversight in failing to update its address with its registered agent. When DEI discovered this oversight, DEI promptly addressed the issue by reaching out to NATT, and when those communications faltered, DEI promptly filed a motion to set aside the default, demonstrating its failure to respond was a mistake, rather than a purposeful delay. Moreover, because of DEL's promptness and timely response, DEI has indicated an ability to abide by this court's rules.

## II.   Meritorious Defense

To determine if the defendant has a meritorious defense, the court "examin[es] 'whether the proffered evidence would permit a finding for the defaulting party.' " *Stephenson v. El-Batrawi,* 524 F.3d 907, 914 (8th Cir. 2008) (quoting *Johnson,* 140 F.3d at 785). "[B]ald allegation[s] . . . without the support of facts underlying the defense, will not sustain the burden of the defaulting party to show cause why the entry of default should be set aside; the

5

trial court must have before it more than mere allegations that a defense exists." *Id.* (quoting *Fink v. Swisshelm*, 182 F.R.D. 630, 633 (D. Kan. 1998)).

DEI argues the complaint itself provides its meritorious defense for the claim of *de facto* termination because Exhibit 2 to the complaint (the Dealer Agreement) explicitly allows the parties to modify the terms of the agreement, which is what DEI alleges it is doing. Docket 27 at 4-5. Next, DEI argues that its cessation letter did not collapse the market for its products because it explicitly stated that DEI will continue to provide parts for ten years following the effective date of its agreement with NATT. *Id.* at 5-6. Next, DEI argues that NATT "cobble[d] together factual misstatements" to claim fraudulent inducement. *Id.* at 6. DEI first notes that "[s]peculative, unfounded belief does not establish fraud of any kind," and that it has evidence that the statements made and relied upon were true when they were made and that "significant unexpected" events have since occurred presumably affecting the statement's truthfulness. *Id.*

NATT argues that DEI has no defense for its breach of multiple provisions of the Dealer Agreement stemming from when it announced its intention to withdraw support, and that this type of termination was not agreed upon in the Dealer Agreement. Docket 39 at 13-14. Further, NATT argues DEI has no meritorious defense against its violations of the South Dakota Dealer Act because it had neither good cause to terminate, nor did it provide the mandatory 90-day notice of termination. *Id.* at 14. Moreover, NATT argues DEI has no meritorious defense to its violations of South Dakota's Buy-Back Law

6

because DEI has not offered to repurchase three chassis from NATT for their net cost. *Id.* at 15. Lastly, NATT argues that in entering this agreement, it relied upon specific fraudulent statements made by DEI and for which DEI has no meritorious defense. *Id.* at 15-16.

DEI responds that NATT's interpretation of the facts of this case does not mean that DEI's defenses are not meritorious, but rather, it shows that the issues in this case must be decided by a factfinder and not a default judgment. Docket 42 at 7. DEI then argues and demonstrates how the facts in this case indicate a meritorious defense and a likely finding in its favor. *Id.* at 8-10. For example, among other meritorious defense examples noted in its reply, DEI argues that it acted pursuant to the amendment provision of the agreement with NATT, *id.* at 8, and the alleged fraudulent statements were "mere puffery that cannot support a fraud claim," *id.* at 9.

DEI has provided factual evidence and arguments to support its defense. The court finds that these defenses are sufficient to set aside the clerk's entry of default and allow a trial to proceed on the merits of this case.

III.   **Prejudice to NATT if the Entry of Default is Set Aside**

The Eighth Circuit has held that "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.' " *Johnson,* 140 F.3d at 785 (quoting *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir. 1990)). Neither delay in litigation nor allowing a defaulting party to defend on the

7

merits are sufficient grounds to establish prejudice. *Stephenson*, 524 F.3d at 915.

DEI argues that because this case is at its earliest stages, and because this court has granted DEL an extension of time, setting aside this entry of default will not further delay this case or result in any "discovery difficulties, loss of evidence, or a risk of fraud or collusion." Docket 26 at 2. DEI argues that because its motion to set aside the entry of default came within days, not months or years of the entry of default, it will be no more prejudicial to NATT than "any other reasonable extension routinely requested and granted in federal litigation." Docket 27 at 8. DEI distinguishes this case from others where motions to set aside were denied because the litigants in those cases waited years after the entry of default to move to set aside the default, while DEI's delay was merely days. *See* Docket 42 at 6-7. Finally, DEI cited to this court's local rules that permit a twenty-one-day extension "merely upon filing a notice" to demonstrate that its delay was not prejudicial. Docket 27 at 8.

NATT argues that because DEI was grossly negligent and it has no meritorious defenses, the lack of concrete prejudice is not sufficient to warrant the setting aside the entry of default, citing other circuits that have ruled "an absence of prejudice to the non-defaulting party is not dispositive." Docket 39 at 16-18 (collecting cases). Alternatively, NATT argues that there is prejudice in discovery in this matter because (1) it is already over two years old; (2) there is a significant risk of evidence destruction; and (3) DEI is moving their business to the United Kingdom, making discovery and witnesses only available there.

*Id.* at 18. Finally, NATT argues that the delay in the collection of damages and expenses in the storage of the chassis during litigation is another burden on it, and that DEI is trying to delay matters so that it can get further along with its planned liquidation, making it harder for NATT to pursue this case. *Id.* at 20.

DEI argues NATT's alleged prejudice is speculative because discovery would already be over two years even if DEI had responded to the complaint on time; DEI is aware of and will fulfill their obligation to preserve evidence; and regardless of where evidence or witnesses are located, DEI will respond to evidentiary requests in accordance with the Federal Rules of Civil Procedure. Docket 42 at 10-11. Without a showing of prejudice, DEI argues that the potential delay in litigation is not enough to deny this motion to set aside the entry of default. *Id.* at 12.

The court finds that NATT has not provided evidence to support the finding of prejudice. There is no indication that evidence will be destroyed or that this extension will harm NATT, because it is akin to typical extensions allowed in this court. Because DEI has a meritorious defense and was not intentionally delaying this proceeding, even if this court adopted other circuit's approaches that an "absence of prejudice" is not dispositive, there is not enough evidence to deny this motion to set aside the clerk's entry of default.

## CONCLUSION

Having considered all three factors in light of the judicial preference to adjudicate claims on their merits, the court finds that there is good cause to set aside the clerk's entry of default. Thus, it is

9

ORDERED that NATT's motion for default judgment (Docket 10) is denied. It is

FURTHER ORDERED that DEI's motion to set aside the default (Docket 26) is granted. DEI has 21 days following entry of this order to respond to NATT's complaint. It is

FURTHER ORDERED that NATT's motion for expedited limited discovery (Docket 30) is denied and its motion to extend (Docket 30) is denied as moot.

Dated April 10, 2026.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE